

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-16-2005

# Cagna v. Secretary HHS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3872

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Cagna v. Secretary HHS" (2005). *2005 Decisions.* Paper 537.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/537

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3872


ELLINORA V. CAGNA, EXECUTRIX
OF THE ESTATE OF LEO CAGNA,
DECEASED AND IN HER OWN RIGHT,


Appellant


v.


MICHAEL LEAVITT, SECRETARY
OF HEALTH & HUMAN SERVICES*

(*Michael Leavitt is substituted pursuant to Fed. R. App. P. 43(c))

———————————


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Judge:  The Honorable Gustave Diamond
District Court No.: 03-cv-00235

———————————


Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2005

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed September 16, 2005)

———————————

OPINION OF THE COURT

———————————


SMITH, *Circuit Judge*.

In February 2003, Ellinora V. Cagna, in her own right and as executrix of the

estate of her late husband Leo Cagna, filed suit against the United States Secretary of Health and Human Services. Mrs. Cagna alleged that the Secretary erred in denying Medicare coverage for the cryosurgical ablation of the prostate performed on Mr. Cagna approximately a month before he died. The Secretary erred, according to Mrs. Cagna, because the procedure was reasonably necessary. The Secretary argued that coverage was not available because the procedure, though reasonably necessary, was investigational and experimental in nature. The parties filed cross-motions for summary judgment. The District Court concluded that there was substantial evidence to support the Secretary's conclusion that the procedure was investigational and experimental, and granted summary judgment for the Secretary. This timely appeal followed.

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1395ff(b)(1). Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review is limited to determining whether there is substantial evidence to support the Secretary's decision. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)) (internal quotation marks omitted).

For substantially the same reasons stated in the District Court's thorough and well-reasoned opinion, we conclude that there is substantial evidence to support the Secretary's

denial of Medicare coverage for Mr. Cagna's cryosurgical ablation of the prostate.[1]  We

will affirm the judgment of the District Court.

---

[1]Mrs. Cagna contends in her reply brief that her due process rights were violated
because her counsel did not have an opportunity to respond to the supplemental report of
the medical expert.  Contrary to Federal Rule of Appellate Procedure 28(a)(5) and (9),
this issue was neither presented nor argued in her initial brief.  Indeed, the words "due
process" do not even appear in her initial brief.  Accordingly, we conclude that this issue
was waived and it need not be addressed. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir.
1993); *see also Reform Party of Allegheny County v. Allegheny County Dep't of
Elections*, 174 F.3d 305, 316 n.11 (3d Cir. 1999); *Laborers' Int'l Union v. Foster Wheeler
Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its
opening brief, and for those purposes a passing reference to an issue . . . will not suffice
to bring that issue before this court").  Even if we were to address this issue, we conclude
that Mrs. Cagna was not deprived of her opportunity to fully develop her case before the
ALJ.  As the District Court explained, the medical expert clearly opined at the hearing
that the surgery was investigational and that he would supply the ALJ with a
supplemental report.  Yet Mrs. Cagna failed to provide to the ALJ any additional
evidence to rebut this testimony or the forthcoming supplemental report.